IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID BRABHAM,            )
                          )
    Petitioner,           )
                          )  CASE NO. CV405-171
v.                        )
                          )
TYDUS MEADOWS, Warden     )
                          )
    Respondent.           )
                          )

## O R D E R

Before the Court is Petitioner David Brabham's Motion for Out of Time Appeal. (Doc. 26.) Petitioner requests that this Court allow him to file an out of time appeal to this Court's denial of his Petition for Writ of Habeas Corpus. For the following reasons, Petitioner's Motion is **DENIED**.

Petitioner is serving a sentence of life imprisonment after being found guilty of armed robbery and kidnapping in state court. After exhausting his state remedies, Petitioner, with the assistance of retained counsel, filed a habeas petition pursuant to 28 U.S.C. § 2254 with this Court. On May 14, 2008, this Court adopted the Report and Recommendation of the Magistrate Judge that the Petition be dismissed. (Doc. 24.) The Clerk of Court entered judgment dismissing the petition on the same day. (Doc. 25.)

On December 28, 2008,[1] Petitioner filed a Motion for Out of Time Appeal. (Doc. 26.) In the Motion, Petitioner states that his retained counsel failed to notify him that this Court had dismissed his habeas petition. Apparently, Petitioner's counsel suspended her practice of law in November of 2007 due to a serious medical illness. It appears that no one from her law firm monitored the status of Petitioner's case. As a result, when Petitioner's counsel was sent notice of the May 14, 2008 Order denying the habeas petition, no one notified Petitioner. Petitioner contends that, because his counsel never notified him of the Order, he was not able to file a notice of appeal. Included in Petitioner's Motion is a letter from his counsel's firm providing the explanation detailed above and admitting error in failing to either notify Petitioner of the dismissal or file a notice of appeal on his behalf. Petitioner now asks this Court to allow him to file an out of time appeal.

Generally, a party in a civil case has thirty days from the date of entry of a judgment or order to file a

---

[1] The envelope containing Petitioner's Motion does not include a date stamp for when it was received for mailing by prison officials. Out of an abundance of caution, the Court has assumed that Petitioner delivered the Motion to officials on the same day he dated the Motion—December 28, 2008.

2

notice of appeal. Fed. R. App. P. 4(a)(1)(A). District courts have the power to extend the time for filing a notice of appeal in two situations. First, the Court may extend the time if a party files a motion requesting an extension within thirty days of the expiration of the original deadline and shows excusable neglect or good cause. Id. 4(a)(5)(A). In effect, the party must file the request within sixty days of the judgment or order being appealed from. Second, the Court may reopen the time for filing a notice of appeal if the moving party failed to receive notice of the entry of the judgment or order being appealed. Id. 4(a)(6). However, the motion requesting that relief must be filed within 180 days of entry of the judgment or the order being appealed. Id. 4(a)(6)(B).

Unfortunately, this Court is unable to grant Petitioner his requested relief because his Motion was filed 228 days after the entry of judgment. The Federal Rules of Appellate Procedure expressly forbid this Court from granting a motion for an out of time appeal filed more than 180 days after the entry of judgment. See Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002) (noting that appellant was prevented from filing an out of time appeal since "the judgment could not be reopened under Rule 4(a)(6) because

3

more than 180 days had elapsed since the entry of the order"); see also Daniel v. United States, 231 Fed. App'x 937, 937-38 (11th Cir. 2007) (unpublished) (per curiam) (ruling that district court properly denied motion because it was filed outside of the 180-day time limit prescribed in Rule 4(a)(6)). Regrettably, both the United States Supreme Court and the Eleventh Circuit Court of Appeals have closed to Petitioner the hope of any equitable relief. See Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360, 2366 (2007) (5-4 decision) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."), Van Ferrell v. Grubbs, 45 Fed. App'x 860, 862 (11th Cir. 2002) (unpublished) (" '[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation . . . is specific and unequivocal.' " (quoting Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000) (alteration in original)). The notes to Rule 4(a)(6)(B) reinforce this harsh construction by stating that "an appeal cannot be brought more than 180 days after entry, no matter what the circumstances." Fed. R. App. P.

4

4(a)(6)(B) advisory committee note to the 2005 amendments. Lamentably, this Court is constrained by this authority and, as a result, must deny Petitioner's Motion despite its belief that the abject failure of Petitioner's retained counsel, combined with principles of equity, should merit an out of time appeal. Having no other option, this Court **DENIES** Petitioner's Motion.[2]

SO ORDERED this 13th day of January, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] This is not to say that the Eleventh Circuit Court of Appeals could not craft some remedy for Petitioner. For example, the Court of Appeals may allow Petitioner to submit a successive habeas petition making the same claims as the Petition denied by this Court. Should this Court again deny Petitioner the relief requested in his second petition, the thirty-day window to appeal this Court's decision would start, allowing Petitioner to seek appellate review at that time. In any event, it is beyond the power of this Court to generate such a remedy, and Petitioner must first file an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit, using the form provided by the Eleventh Circuit Clerk of Court, before filing a second or successive petition in this Court. See 11th Cir. Rule 22-3(a).